# MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN°
STEVEN C. STERN
ADAM I. KLEINBERG

TIMOTHY J. MURPHY
MARK R. OSHEROW*◊□
COUNSEL

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

**BRANCH OFFICES:**
WESTCHESTER, NY
NEW YORK, NY
FANWOOD, NJ

JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KIERA J. MEEHAN
MARIA THOMAS
NANCY R. SCHEMBRI°°
MICHAEL V. LONGO
MELISSA HOLTZER
MICHAEL P. SIRAVO
ARIEL S. ZITRIN
PATRICK J. MALONEY
JONATHAN B. ISAACSON*
ANNE ZANGOS
KELLY C. HOBEL*

* ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
°°RESIDENT IN WESTCHESTER

July 28, 2008

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

>       Re:   Cutner v. Lantern Group et al.
>             Docket No.:   07 Civ. 8649
>             Our File No.: 07-636

Dear Judge Kaplan:

      This firm represents the defendants in the above-referenced case. We write with regard to plaintiff's objection to the Honorable Frank Maas' order, which was entered on July 16, 2008. In his Order, Judge Maas denied plaintiff's request for an extension of time to complete discovery so that she could serve discovery demands and conduct depositions, on the grounds that plaintiff, an attorney duly admitted to practice before this Court, had ample time to request additional time from the Court, yet chose not to make any efforts towards conducting discovery until discovery was scheduled to close.

      While plaintiff may object to a magistrate judge's ruling on a non-dispositive pretrial matter, such as the discovery deadline at issue herein, the reviewing judge shall modify or set aside only those portions of the order that are "clearly erroneous or contrary to law." See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

      In her objection to Judge Maas' Order, plaintiff does not argue that Judge Maas' decision was erroneous or contrary to law, but rather, she merely rehashes the same argument for an

**MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS** LLP

---

HON. LEWIS A. KAPLAN
JULY 28, 2008
PAGE 2 OF 2

extension that she gave before Judge Maas. While defendants are sympathetic to plaintiff's medical concerns, plaintiff has presented no reason why she could not have raised these issues with the Court prior to the close of discovery. Indeed, at a conference that was held on January 9, 2008, plaintiff raised no objection to the Court's imposition of a May 15, 2008 deadline for discovery. Prior to this conference, plaintiff agreed to serve her discovery demands upon defendants by February 14, 2008. At no time has plaintiff ever requested an extension from the Court due to her medical conditions. In light of this, and in light of the fact that plaintiff is an attorney admitted to practice before this Court and thus well aware of the requirements of Federal Rules of Civil Procedure, Judge Maas denied plaintiff's request for an extension of discovery. Plaintiff has cited no case law demonstrating that this decision was erroneous or contrary to the law.

Nor has plaintiff demonstrated that the deposition she wishes to conduct is relevant in any way to the current proceedings. Plaintiff's has brought this lawsuit alleging discrimination based on her disability and national origin, as well as civil rights violations. While plaintiff has indicated her intent to depose T. Eric Galloway, there is not a single allegation in her Complaint that references Mr. Galloway. Rather, plaintiff alleges that the Lantern Group employees that manage her building discriminated against her. Moreover, plaintiff has never served a Notice of Deposition for <u>any</u> Lantern Group employee. Thus, Judge Maas properly denied plaintiff's request for an extension so that she could conduct Mr. Galloway's deposition.

Finally, plaintiff indicated that she became aware of the Clover Housing Development Fund Corporation's identity as early as February 29, 2008. Despite having acquired this knowledge, and despite plaintiff's knowledge of the Federal Rules of Civil Procedure, she did not attempt to amend her complaint for nearly five (5) months. Plaintiff has given no reason as to why she waited until nearly the end of discovery to request permission to amend her complaint, nor did she provide any such reason to Judge Maas. As such, Judge Maas properly denied plaintiff's request to amend her complaint to include Clover Housing.

In light of the foregoing, defendants respectfully request that Judge Maas' Order dated July 16, 2008 be sustained.

                                        Respectfully submitted,
                                        MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

                                        Melissa Holtzer

Cc: Rolande Cutner, Esq. (via facsimile)