UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROLANDE CUTNER,

                              Plaintiff,

                -against-                                      07 Civ. 8649 (LAK)

THE LANTERN GROUP, INC., et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____        │
│ DATE FILED: 9/4/08           │
└─────────────────────────────┘
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        On August 1, 2008, the Court received from plaintiff, who proceeds *pro se*, a letter, dated July 31, 2008. Its main thrust is to respond to a letter, dated July 28, 2008, to the undersigned from the defendants' counsel, which in turn was a response to a July 25, 2008 objection by plaintiff to Magistrate Judge Maas' July 16, 2008 discovery order (the discovery order is DI 24). At the conclusion of plaintiff's July 31 letter, however, she does request relief from Judge Maas' order (the "Order").

        This file is somewhat puzzling, as (1) plaintiff never filed her objection to the Order, and (2) the undersigned, as far as can be determined, did not receive plaintiff's objection to the Order or the July 28 response from defendants' counsel until copies of both arrived as exhibits to plaintiff's July 31, 2008 letter. The failure to receive the letter from defendants' counsel appears to have been attributable to their attempt - in contravention of the Court's procedures prohibiting the electronic filing of letters – to file it electronically, which resulted in its rejection by the Clerk. [1] Docket entry, July 30, 2008. The failure to receive plaintiff's objection appears to have been attributable not only to the fact that she never filed it, but to the additional fact that it was incorrectly addressed to Room 740, whereas the undersigned occupies Room 1310, although one assumes that the mail room, had it ever received the letter, would have routed it to the correct location, as it indeed did with the July 31, 2008 letter.

---

[1]     This is the third electronic filing by defendants' counsel, and the second letter, rejected by the Clerk for violation of the Court's procedures. It is past time that counsel familiarize themselves with the relevant procedures.

Fed. R. Civ. P. 72(a) requires that any objections to a nondispositive order by a magistrate judge be "serve[d] *and file[d]*" within 10 days after the objector is served with the order in question. (Emphasis added) It appears that Magistrate Judge Maas' chambers served plaintiff with the Order on July 16, 2008, the date on which it was entered. Plaintiff's objection therefore would have been timely only if it had been served and filed no later than July 30, 2008 or, assuming that service was made by mail, August 2, 2008. *See* Fed. R. Civ. P. 6(d). As no objections ever were filed, they are not properly before the Court. And even if the plaintiff's July 31, 2008 letter were treated as having been filed when it was received in chambers, which was August 1, 2008, and regarded as a timely objection, it would not avail plaintiff.

The order in question must be upheld unless it "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Plaintiff has not shown any error of law or fact.

Accordingly, plaintiff's objections are overruled on the grounds that (1) they were not timely filed, and in any case, (2) fail to establish any error of law or fact.

SO ORDERED.

Dated:    September 3, 2008

Lewis A. Kaplan
United States District Judge