UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ROLANDE CUTNER,

                    Plaintiff,

     -against-

THE LANTERN GROUP, ST. LOUIS HALL L.P.,
SRO HOTEL THE ST. LOUIS a/k/a  THE ST. LOUIS
HALL, 319 REALTY SERVICES, LLP, and 319
WEST LLC and XYZ CORPORATION (Said name
being fictitious, it being the intention of CUTNER to
designate any corporation having a legal interest in the
SRO HOTEL THE ST. LOUIS,

                    Defendants.

----------------------------------------------------------------x

Docket No.:  07 CV 8649
               (LAK)(WM)

**ANSWER**

      Defendants, The Lantern Group, Inc., St. Louis L.P. s/h/a St. Louis Hall L.P., and 319

Realty Services, L.P. s/h/a 319 Realty Services, LLP (collectively referred to hereinafter as "The

Lantern Group defendants"), by their attorneys, MIRANDA SOKOLOFF SAMBURSKY

SLONE VERVENIOTIS LLP, answering the plaintiff's Complaint ("the Complaint") set forth

the following:

## PARTIES

1.     Admit the allegation contained in paragraph "1" of the Complaint that defendant The

       Lantern Group, Inc. maintains an office at 690 Eighth Avenue, New York, NY.

2.     Deny the allegations contained in paragraph "2" of the Complaint, except admit that St.

       Louis Hall L.P. maintains an office at 690 Eighth Avenue, New York, NY.

3.     Deny the allegations contained in paragraph "3" of the Complaint.

1

4.   Deny the allegations contained in paragraph "4" of the Complaint, except admit that 319 Realty Services, L.P. maintains an office at 690 Eighth Avenue, New York, NY.

5.   Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6.   Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint.

7.   Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

### BASIS FOR JURISDICTION

8.   There are no allegations contained in paragraph "8" of the Complaint.

9.   Deny the allegations contained in paragraph "9" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

10.  Deny the allegations contained in paragraph "10" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

11.  Deny the allegations contained in paragraph "11" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

### VENUE

12.  Deny the allegations contained in paragraph "12" of the Complaint and respectfully refer all questions of law to the Court for adjudication.

### THE PARTIES

13.  Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint, except admit that plaintiff is a Single

2

Room Occupancy resident of St. Louis Hall, located at 314 W. 94th Street, New York, NY.

14.    Deny the allegations contained in paragraph "14" of the Complaint, except admit that defendant 319 Realty Services, L.P. is the not-for-profit lessee and manager of St. Louis Hall, that defendant St. Louis L.P. is a not-for-profit entity who has signed an agreement to purchase the building located at 314 W. 94th Street, New York, NY in order to create affordable housing units, and that defendant The Lantern Group, Inc. is a not-for-profit entity that would be the sponsor of such conversion project.

15.    Deny the allegations contained in paragraph "15" of the Complaint, except admit that defendant The Lantern Group, Inc. is a not-for-profit organization that owns and operates several buildings within New York that serve as housing for persons who have been homeless or have other special needs and is involved in a proposed conversion of the building located at 314 W. 94th Street, New York, NY to create affordable housing units.

16.    Deny the allegations contained in paragraph "16" of the Complaint, except admit that defendant The Lantern Group, Inc. is a not-for-profit organization that owns and operates several buildings within New York that serve as housing for persons who have been homeless or have other special needs and is involved in a proposed conversion of the building located at 314 W. 94th Street, New York, NY to create affordable housing units.

## PRELIMINARY STATEMENT OF CLAIMS

17.    Deny the allegations contained in paragraph "17" of the Complaint.

18.    Deny the allegations contained in paragraph "18" of the Complaint.

19.    Deny the allegations contained in paragraph "19" of the Complaint.

20.    Deny the allegations contained in paragraph "20" of the Complaint.

21.    Deny the allegations contained in paragraph "21" of the Complaint.

22.    Deny the allegations contained in paragraph "22" of the Complaint.

23.    Deny the allegations contained in paragraph "23" of the Complaint.

## DISCRIMINATION UNDER THE AMERICANS
## WITH DISABILITIES ACT OF 1990

24.    Deny the allegations contained in paragraph "24" of the Complaint.

## FACTUAL ALLEGATIONS

25.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the Complaint and respectfully refer the Court to the document referred to therein for the contents thereof.

27.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

29.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the Complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

30. Deny that plaintiff is a qualified individual with a disability for purposes of this action, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "30" of the Complaint, and refer all questions of law to the Court for adjudication.

31. Admit the allegations contained in paragraph "31" of the Complaint.

32. Deny the allegations contained in paragraph "32" of the Complaint, except admit that plaintiff pays $500 per month for her room, and respectfully refer the Court to the documents referred to therein for the contents thereof.

33. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

38. Deny the allegations contained in paragraph "38" of the Complaint.

39. Deny the allegations contained in paragraph "39" of the Complaint, except admit that 319 Realty Services, L.P. is currently managing the premises located at 319 West 94th Street and has performed all necessary repairs.

5

40.  Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint.

41.  Deny the allegations contained in paragraph "41" of the Complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

42.  Deny the allegations contained in paragraph "42" of the Complaint.

43.  Deny the allegations contained in paragraph "43" of the Complaint, except admit that limitations were placed on the acceptance of packages on behalf of tenants at the front desk, and respectfully refer the Court to the documents referred to therein for the contents thereof.

44.  Deny the allegations contained in paragraph "44" of the Complaint.

45.  Deny the allegations contained in paragraph "45" of the Complaint.

46.  Deny the allegations contained in paragraph "46" of the Complaint.

47.  Deny the allegations contained in paragraph "47" of the Complaint.

48.  Deny the allegations contained in paragraph "48" of the Complaint.

49.  Deny the allegations contained in paragraph "49" of the Complaint.

50.  Deny having knowledge and information sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint.

51.  Deny the allegations contained in paragraph "51" of the Complaint.

52.  Deny the allegations contained in paragraph "52" of the Complaint.

53.  Deny the allegations contained in paragraph "53" of the Complaint.

54.  Deny the allegations contained in paragraph "54" of the Complaint.

55.  Deny the allegations contained in paragraph "55" of the Complaint.

56.    Deny the allegations contained in paragraph "56" of the Complaint.

57.    Deny the allegations contained in paragraph "57" of the Complaint.

58.    Deny the allegations contained in paragraph "58" of the Complaint.

59.    Deny the allegations contained in paragraph "59" of the Complaint, and respectfully refer the Court for the documents referred to therein for the contents thereof.

60.    Deny the allegations contained in paragraph "60" of the Complaint.

61.    Deny the allegations contained in paragraph "61" of the Complaint.

62.    Deny the allegations contained in paragraph "62" of the Complaint.

63.    Deny the allegations contained in paragraph "63" of the Complaint.

64.    Deny the allegations contained in paragraph "64" of the Complaint.

65.    Deny the allegations contained in paragraph "65" of the Complaint.

66.    Deny the allegations contained in paragraph "66" of the Complaint.

67.    Deny the allegations contained in paragraph "67" of the Complaint, except admit that plaintiff wrote to The Lantern Group to requesting repairs, that 319 Realty Services, L.P. is currently managing the premises located at 319 West 94th Street and has performed all necessary repairs, and respectfully refers the Court to the documents referred to therein for the contents thereof.

68.    Deny the allegations contained in paragraph "68" of the Complaint.

69.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "69" of the Complaint regarding a security deposit, except admit that plaintiff is a Single Room Occupancy resident of St. Louis Hall, located at 314 W.

94th Street, New York, NY, and respectfully refer the Court to the documents referred to therein for the contents thereof.

70. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "70" of the Complaint regarding a security deposit, except admit that plaintiff is a Single Room Occupancy resident of St. Louis Hall, located at 314 W. 94th Street, New York, NY, and respectfully refer the Court to the documents referred to therein for the contents thereof.

71. Deny the allegations contained in paragraph "71" of the Complaint, except admit that plaintiff wrote a letter addressed to the management of The Lantern Group on or about June 14, 2006, and respectfully refers the Court to the documents referred to therein for the contents thereof.

72. Deny the allegations contained in paragraph "72" of the Complaint, except admit that plaintiff wrote a letter on or about January 5, 2007 addressed to The Lantern Group, and respectfully refers the Court to the documents referred to therein for the contents thereof.

73. Deny the allegations contained in paragraph "73" of the Complaint, except admit That plaintiff wrote a letter on or about July 19, 2007 addressed to the Lantern Group, and respectfully refers the Court to the documents referred to therein for the contents thereof.

74. Deny the allegations contained in paragraph "74" of the Complaint, except admit that plaintiff's rent check was cashed, and respectfully refers the Court to the documents referred to therein for the contents thereof.

75. Deny the allegations contained in paragraph "75" of the Complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

76.    Deny knowledge and information sufficient to form a belief as to plaintiff's medical
       condition, deny the remaining allegations contained in paragraph "76" of the Complaint,
       and respectfully refer the Court to the documents referred to therein for the contents
       thereof.

77.    Deny the allegations contained in paragraph "77" of the Complaint, except admits that
       information was distributed regarding extermination services, and respectfully refer the
       Court to the documents referred to therein for the contents thereof.

78.    Deny the allegations contained in paragraph "78" of the Complaint, except admit that a
       policy was adopted allowing the reception desk to accept packages on behalf of disabled
       tenants, and respectfully refer the Court to the documents referred to therein for the
       contents thereof.

79.    Deny the allegations contained in paragraph "79" of the Complaint, except admit that
       plaintiff wrote a letter to The Lantern Group on or about May 15, 2006, and respectfully
       refer the Court to the documents referred to therein for the contents thereof.

80.    Deny the allegations contained in paragraph "80" of the Complaint, except admit that
       plaintiff wrote a letter to The Lantern Group on or about January 22, 2007, and
       respectfully refer the Court to the documents referred to therein for the contents thereof.

81.    Deny the allegations contained in paragraph "81" of the Complaint.

82.    Deny the allegations contained in paragraph "82" of the Complaint.

83.    Deny the allegations contained in paragraph "83" of the Complaint.

84.    Deny the allegations contained in paragraph "84" of the Complaint.

85.    Deny the allegations contained in paragraph "85" of the Complaint.

86. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "86" of the Complaint, except deny that the building was in a "terrible state."

87. Deny the allegations contained in paragraph "87" of the Complaint.

88. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "88" of the Complaint.

89. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "89" of the Complaint.

90. Deny the allegations contained in paragraph "90" of the Complaint, and respectfully refer the Court to the document referred to therein for the contents thereof.

91. Deny the allegations contained in paragraph "91" of the Complaint, except admit that plaintiff wrote a letter to The Lantern Group on or about May 15, 2007, and respectfully refer the Court to the documents referenced thereto for the contents thereof.

92. Deny the allegations contained in paragraph "92" of the Complaint.

93. Deny the allegations contained in paragraph "93" of the Complaint.

94. Deny the allegations contained in paragraph "94" of the Complaint.

95. Deny the allegations contained in paragraph "95" of the Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S
## TWO COMMON LAW CAUSES OF ACTION

96. Deny the allegations contained in paragraph "96" of the Complaint.

97. Deny the allegations contained in paragraph "97" of the Complaint, except admit that defendant 319 Realty Services, L.P. is the not-for-profit lessee and manager of St. Louis Hall.

98. Deny the allegations contained in paragraph "98" of the Complaint.

99. Deny the allegations contained in paragraph "99" of the Complaint.

100. Deny the allegations contained in paragraph "100" of the Complaint, except admit that defendant 319 Realty Services, L.P. is the not-for-profit lessee and manager of St. Louis Hall, that defendant St. Louis L.P. is a not-for-profit entity who has signed an agreement to purchase the building located at 314 W. 94th Street, New York, NY in order to create affordable housing units, and that defendant The Lantern Group, Inc. is a not-for-profit entity that would be the sponsor of such conversion project.

101. Deny the allegations contained in paragraph "101" of the Complaint.

102. Deny the allegations contained in paragraph "102" of the Complaint.

103. Deny the allegations contained in paragraph "103" of the Complaint.

104. Deny the allegations contained in paragraph "104" of the Complaint.

105. Deny the allegations contained in paragraph "105" of the Complaint.

106. Deny the allegations contained in paragraph "106" of the Complaint.

107. Deny the allegations contained in paragraph "107" of the Complaint.

108. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "108" of the Complaint.

109. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "109" of the Complaint.

11

110. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "110" of the Complaint.

111. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "111" of the Complaint.

112. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "112" of the Complaint.

113. Deny the allegations contained in paragraph "113" of the Complaint.

114. Deny the allegations contained in paragraph "114" of the Complaint.

115. Deny the allegations contained in paragraph "115" of the Complaint.

116. Deny the allegations contained in paragraph "116" of the Complaint.

117. Deny the allegations contained in paragraph "117" of the Complaint.

118. Deny the allegations contained in paragraph "118" of the Complaint.

119. Deny the allegations contained in paragraph "119" of the Complaint.

120. Admit the allegations contained in paragraph "120" of the Complaint.

121. Deny the allegations contained in paragraph "121" of the Complaint.

122. Deny the allegations contained in paragraph "122" of the Complaint.

123. Deny the allegations contained in paragraph "123" of the Complaint.

124. Deny the allegations contained in paragraph "124" of the Complaint.

125. Deny the allegations contained in paragraph "125" of the Complaint.

126. Deny the allegations contained in paragraph "126" of the Complaint.

127. Deny the allegations contained in paragraph "127" of the Complaint.

128. Deny the allegations contained in paragraph "128" of the Complaint.

12

129.    Deny the allegations contained in paragraph "129" of the Complaint.

130.    Deny the allegations contained in paragraph "130" of the Complaint.

131.    Deny the allegations contained in paragraph "131" of the Complaint.

132.    Deny the allegations contained in paragraph "132" of the Complaint.

133.    Deny the allegations contained in paragraph "133" of the Complaint.

134.    Deny the allegations contained in paragraph "134" of the Complaint.

135.    Deny the allegations contained in paragraph "135" of the Complaint.

136.    Deny the allegations contained in paragraph "136" of the Complaint.

137.    Deny the allegations contained in paragraph "137" of the Complaint.

138.    Deny the allegations contained in paragraph "138" of the Complaint.

139.    Deny the allegations contained in paragraph "139" of the Complaint.

140.    Deny the allegations contained in paragraph "140" of the Complaint.

141.    Deny the allegations contained in paragraph "141" of the Complaint.

142.    Deny the allegations contained in paragraph "142" of the Complaint.

143.    Deny the allegations contained in paragraph "143" of the Complaint.

144.    Deny the allegations contained in paragraph "144" of the Complaint.

145.    Deny the allegations contained in paragraph "145" of the Complaint.

146.    Deny the allegations contained in paragraph "146" of the Complaint.

147.    Deny the allegations contained in paragraph "147" of the Complaint.

148.    Deny the allegations contained in paragraph "148" of the Complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

149.    Deny the allegations contained in paragraph "149" of the Complaint.

13

150.   Deny the allegations contained in paragraph "150" of the Complaint.

151.   Deny the allegations contained in paragraph "151" of the Complaint.

152.   Deny the allegations contained in paragraph "152" of the Complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

153.   Deny the allegations contained in paragraph "153" of the Complaint.

154.   Deny the allegations contained in paragraph "154" of the Complaint.

155.   Deny the allegations contained in paragraph "155" of the Complaint.

156.   Deny the allegations contained in paragraph "156" of the Complaint.

157.   Deny the allegations contained in paragraph "157" of the Complaint.

158.   Deny the allegations contained in paragraph "158" of the Complaint.

159.   Deny the allegations contained in paragraph "159" of the Complaint.

### AS AND FOR A RESPONSE TO
### PLAINTIFF'S FIRST CAUSE OF ACTION

160.   As and for a response to paragraph "160" of the Complaint, the answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "159" of this Answer with the same force and effect as if fully set forth at length herein.

161.   Deny the allegations contained in paragraph "161" of the Complaint.

162.   Deny the allegations contained in paragraph "162" of the Complaint.

163.   Deny the allegations contained in paragraph "163" of the Complaint.

164.   Deny the allegations contained in paragraph "164" of the Complaint.

165.   Deny the allegations contained in paragraph "165" of the Complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S SECOND CAUSE OF ACTION

166.   As and for a response to paragraph "166" of the Complaint, the answering defendants

repeat and reallege each and every allegation contained in paragraphs "1" through "165"

of this Answer with the same force and effect as if fully set forth at length herein.

167.   Deny the allegations contained in paragraph "167" of the Complaint.

168.   Deny the allegations contained in paragraph "168" of the Complaint.

169.   Deny the allegations contained in paragraph "169" of the Complaint.

170.   Deny the allegations contained in paragraph "170" of the Complaint.

171.   Deny the allegations contained in paragraph "171" of the Complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S THIRD CAUSE OF ACTION

172.   As and for a response to paragraph "172" of the Complaint, the answering defendants

repeat and reallege each and every allegation contained in paragraphs "1" through "171"

of this Answer with the same force and effect as if fully set forth at length herein.

173.   Deny the allegations contained in paragraph "173" of the Complaint.

174.   Deny the allegations contained in paragraph "174" of the Complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S FOURTH CAUSE OF ACTION

175.   As and for a response to paragraph "175" of the Complaint, the answering defendants

repeat and reallege each and every allegation contained in paragraphs "1" through "174"

of this Answer with the same force and effect as if fully set forth at length herein.

176.   Deny the allegations contained in paragraph "176" of the Complaint.

177. Deny the allegations contained in paragraph "177" of the Complaint, and respectfully refer all questions of law to the Court for adjudication.

178. Deny the allegations contained in paragraph "178" of the Complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S FIFTH CAUSE OF ACTION

179. As and for a response to paragraph "179" of the Complaint, the answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "178" of this Answer with the same force and effect as if fully set forth at length herein.

180. Deny the allegations contained in paragraph "180" of the Complaint.

181. Deny the allegations contained in paragraph "181" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE:

182. Plaintiff has failed to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE:

183. The actions taken by these answering defendants were justified and proper.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE:

184. At all times relevant to the Complaint, these answering defendants acted in good faith and in accordance with the laws of the State of New York and the United States Constitution.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE:

185. One or more of plaintiff's claims are barred by the applicable Statute of Limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE:

186.    That no basis exists for this court to exercise jurisdiction over the plaintiff's state law and

New York City Administrative Code claims.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE:

187.    Any injuries and/or damages sustained by plaintiff were the result of plaintiff's own

culpable conduct.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE:

188.    Plaintiff cannot identify anyone similarly situated who was treated differently by these

answering defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE

189.    Plaintiff's damages, if any, are limited by the terms and conditions of the subject

agreement between the parties.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE

190.    The plaintiff has failed to take reasonable measures to reduce, mitigate and/or minimize

her alleged damages, and therefore plaintiff's damages should either be reduced or barred

completely to the extent plaintiff failed to mitigate damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## THESE ANSWERING DEFENDANTS ALLEGE

191.    Any damages allegedly sustained were not caused by any negligent acts or omissions by

these answering defendants or any individual acting under its direction or control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE

192.    The injuries, losses, damages and occurrences alleged in the Complaint were the result of

an independent and intervening cause, or causes, over which these answering defendants

had no control, nor right to control, and in no way participated.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE

193.    These answering defendants possessed legitimate nondiscriminatory reasons for the

challenged actions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE

193.    Plaintiff has failed to name one or more necessary parties to this action.

**WHEREFORE**, these answering defendants demand judgment: 1) dismissing the

Complaint in its entirety, with prejudice; 2) awarding defendants the costs of this action,

including reasonable attorneys' fees; and 3) ordering such other and further relief as this Court

may deem just, equitable, and proper.

Dated: Mineola, New York
      December 12, 2007

                                          MIRANDA SOKOLOFF SAMBURSKY
                                          SLONE VERVENIOTIS LLP
                                          Attorneys for Defendants
                                          THE LANTERN GROUP, ST. LOUIS L.P.
                                          s/h/a ST. LOUIS HALL L.P., and 319
                                          REALTY SERVICES, L.P. s/h/a 319
                                          REALTY SERVICES, LLP

                              By:_____
                                    ADAM I. KLEINBERG (AIK-0468)
                                    The Esposito Building
                                    240 Mineola Boulevard
                                    Mineola, New York 11501
                                    (516) 741-7676

Our File No. 07-636

TO:    ROLANDE CUTNER, ESQ.
       60 Broad Street, 35th Floor
       New York, New York 10004
       (212) 847-2389