UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| ROLANDE CUTNER, | Docket No.: 07 CV 8649 (LAK)(WM) |
| Plaintiff, | |
| -against- | **AMENDED ANSWER** |
| THE LANTERN GROUP, ST. LOUIS HALL L.P., SRO HOTEL THE ST. LOUIS a/k/a THE ST. LOUIS HALL, 319 REALTY SERVICES, LLP, and 319 WEST LLC and XYZ CORPORATION (Said name being fictitious, it being the intention of CUTNER to designate any corporation having a legal interest in the SRO HOTEL THE ST. LOUIS, | |
| Defendants. | |

------------------------------------------------------------------x

Defendant, The Lantern Group, Inc., by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answering the plaintiff's Complaint ("the Complaint") sets forth the following:

### PARTIES

1. Admits the allegation contained in paragraph "1" of the Complaint that defendant The Lantern Group, Inc. maintains an office at 690 Eighth Avenue, New York, NY.

2. Denies the allegations contained in paragraph "2" of the Complaint, except admit that St. Louis Hall L.P. maintains an office at 690 Eighth Avenue, New York, NY.

3. Denies the allegations contained in paragraph "3" of the Complaint.

4. Denies the allegations contained in paragraph "4" of the Complaint, except admits that 319 Realty Services, L.P. maintains an office at 690 Eighth Avenue, New York, NY.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

## BASIS FOR JURISDICTION

8. There are no allegations contained in paragraph "8" of the Complaint.

9. Denies the allegations contained in paragraph "9" of the Complaint and respectfully refers all questions of law to the Court for adjudication.

10. Denies the allegations contained in paragraph "10" of the Complaint and respectfully refers all questions of law to the Court for adjudication.

11. Denies the allegations contained in paragraph "11" of the Complaint and respectfully refers all questions of law to the Court for adjudication.

## VENUE

12. Denies the allegations contained in paragraph "12" of the Complaint and respectfully refers all questions of law to the Court for adjudication.

## THE PARTIES

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint, except admits that plaintiff is a Single Room Occupancy resident of St. Louis Hall, located at 314 W. 94th Street, New York, NY.

14. Denies the allegations contained in paragraph "14" of the Complaint, except admits that defendant 319 Realty Services, L.P. is the not-for-profit lessee and manager of St. Louis Hall, that defendant St. Louis L.P. is a not-for-profit entity who has signed an agreement to purchase the building located at 314 W. 94th Street, New York, NY in order to create affordable housing units, and that defendant The Lantern Group, Inc. is a not-for-profit entity that would be the sponsor of such conversion project.

15. Denies the allegations contained in paragraph "15" of the Complaint, except admits that defendant The Lantern Group, Inc. is a not-for-profit organization that owns and operates several buildings within New York that serve as housing for persons who have been homeless or have other special needs and is involved in a proposed conversion of the building located at 314 W. 94th Street, New York, NY to create affordable housing units.

16. Denies the allegations contained in paragraph "16" of the Complaint, except admits that defendant The Lantern Group, Inc. is a not-for-profit organization that owns and operates several buildings within New York that serve as housing for persons who have been homeless or have other special needs and is involved in a proposed conversion of the building located at 314 W. 94th Street, New York, NY to create affordable housing units.

**PRELIMINARY STATEMENT OF CLAIMS**

17. Denies the allegations contained in paragraph "17" of the Complaint.
18. Denies the allegations contained in paragraph "18" of the Complaint.
19. Denies the allegations contained in paragraph "19" of the Complaint.
20. Denies the allegations contained in paragraph "20" of the Complaint.
21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

24. Denies the allegations contained in paragraph "24" of the Complaint.

## FACTUAL ALLEGATIONS

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the Complaint and respectfully refers the Court to the document referred to therein for the contents thereof.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the Complaint, and respectfully refers the Court to the documents referred to therein for the contents thereof.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the Complaint, and respectfully refers the Court to the documents referred to therein for the contents thereof.

30. Denies that plaintiff is a qualified individual with a disability for purposes of this action, deny knowledge or information sufficient to form a belief as to the remaining allegations

contained in paragraph "30" of the Complaint, and refers all questions of law to the Court for adjudication.

31. Admits the allegations contained in paragraph "31" of the Complaint.

32. Denies the allegations contained in paragraph "32" of the Complaint, except admits that plaintiff pays $500 per month for her room, and respectfully refers the Court to the documents referred to therein for the contents thereof.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

38. Denies the allegations contained in paragraph "38" of the Complaint.

39. Denies the allegations contained in paragraph "39" of the Complaint, except admit that 319 Realty Services, L.P. is currently managing the premises located at 319 West 94th Street and has performed all necessary repairs.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint.

41. Denies the allegations contained in paragraph "41" of the Complaint, and respectfully refers the Court to the documents referred to therein for the contents thereof.

42. Denies the allegations contained in paragraph "42" of the Complaint.

43. Denies the allegations contained in paragraph "43" of the Complaint, except admits that limitations were placed on the acceptance of packages on behalf of tenants at the front desk, and respectfully refers the Court to the documents referred to therein for the contents thereof.

44. Denies the allegations contained in paragraph "44" of the Complaint.

45. Denies the allegations contained in paragraph "45" of the Complaint.

46. Denies the allegations contained in paragraph "46" of the Complaint.

47. Denies the allegations contained in paragraph "47" of the Complaint.

48. Denies the allegations contained in paragraph "48" of the Complaint.

49. Denies the allegations contained in paragraph "49" of the Complaint.

50. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint.

51. Denies the allegations contained in paragraph "51" of the Complaint.

52. Denies the allegations contained in paragraph "52" of the Complaint.

53. Denies the allegations contained in paragraph "53" of the Complaint.

54. Denies the allegations contained in paragraph "54" of the Complaint.

55. Denies the allegations contained in paragraph "55" of the Complaint.

56. Denies the allegations contained in paragraph "56" of the Complaint.

57. Denies the allegations contained in paragraph "57" of the Complaint.

58.  Denies the allegations contained in paragraph "58" of the Complaint.

59.  Denies the allegations contained in paragraph "59" of the Complaint, and respectfully refers the Court for the documents referred to therein for the contents thereof.

60.  Denies the allegations contained in paragraph "60" of the Complaint.

61.  Denies the allegations contained in paragraph "61" of the Complaint.

62.  Denies the allegations contained in paragraph "62" of the Complaint.

63.  Denies the allegations contained in paragraph "63" of the Complaint.

64.  Denies the allegations contained in paragraph "64" of the Complaint.

65.  Denies the allegations contained in paragraph "65" of the Complaint.

66.  Denies the allegations contained in paragraph "66" of the Complaint.

67.  Denies the allegations contained in paragraph "67" of the Complaint, except admits that plaintiff wrote to The Lantern Group to requesting repairs, that 319 Realty Services, L.P. is currently managing the premises located at 319 West 94th Street and has performed all necessary repairs, and respectfully refers the Court to the documents referred to therein for the contents thereof.

68.  Denies the allegations contained in paragraph "68" of the Complaint.

69.  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "69" of the Complaint regarding a security deposit, except admits that plaintiff is a Single Room Occupancy resident of St. Louis Hall, located at 314 W. 94th Street, New York, NY, and respectfully refers the Court to the documents referred to therein for the contents thereof.

70. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "70" of the Complaint regarding a security deposit, except admits that plaintiff is a Single Room Occupancy resident of St. Louis Hall, located at 314 W. 94th Street, New York, NY, and respectfully refers the Court to the documents referred to therein for the contents thereof.

71. Denies the allegations contained in paragraph "71" of the Complaint, except admits that plaintiff wrote a letter addressed to the management of The Lantern Group on or about June 14, 2006, and respectfully refers the Court to the documents referred to therein for the contents thereof.

72. Denies the allegations contained in paragraph "72" of the Complaint, except admits that plaintiff wrote a letter on or about January 5, 2007 addressed to The Lantern Group, and respectfully refers the Court to the documents referred to therein for the contents thereof.

73. Denies the allegations contained in paragraph "73" of the Complaint, except admits That plaintiff wrote a letter on or about July 19, 2007 addressed to the Lantern Group, and respectfully refers the Court to the documents referred to therein for the contents thereof.

74. Denies the allegations contained in paragraph "74" of the Complaint, except admits that plaintiff's rent check was cashed, and respectfully refers the Court to the documents referred to therein for the contents thereof.

75. Denies the allegations contained in paragraph "75" of the Complaint, and respectfully refers the Court to the documents referred to therein for the contents thereof.

76. Denies knowledge and information sufficient to form a belief as to plaintiff's medical condition, denies the remaining allegations contained in paragraph "76" of the Complaint,

and respectfully refers the Court to the documents referred to therein for the contents thereof.

77. Denies the allegations contained in paragraph "77" of the Complaint, except admits that information was distributed regarding extermination services, and respectfully refers the Court to the documents referred to therein for the contents thereof.

78. Denies the allegations contained in paragraph "78" of the Complaint, except admits that a policy was adopted allowing the reception desk to accept packages on behalf of disabled tenants, and respectfully refers the Court to the documents referred to therein for the contents thereof.

79. Denies the allegations contained in paragraph "79" of the Complaint, except admits that plaintiff wrote a letter to The Lantern Group on or about May 15, 2006, and respectfully refers the Court to the documents referred to therein for the contents thereof.

80. Denies the allegations contained in paragraph "80" of the Complaint, except admits that plaintiff wrote a letter to The Lantern Group on or about January 22, 2007, and respectfully refers the Court to the documents referred to therein for the contents thereof.

81. Denies the allegations contained in paragraph "81" of the Complaint.

82. Denies the allegations contained in paragraph "82" of the Complaint.

83. Denies the allegations contained in paragraph "83" of the Complaint.

84. Denies the allegations contained in paragraph "84" of the Complaint.

85. Denies the allegations contained in paragraph "85" of the Complaint.

86. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "86" of the Complaint, except denies that the building was in a "terrible state."

87. Denies the allegations contained in paragraph "87" of the Complaint.

88. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "88" of the Complaint.

89. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "89" of the Complaint.

90. Denies the allegations contained in paragraph "90" of the Complaint, and respectfully refers the Court to the document referred to therein for the contents thereof.

91. Denies the allegations contained in paragraph "91" of the Complaint, except admits that plaintiff wrote a letter to The Lantern Group on or about May 15, 2007, and respectfully refers the Court to the documents referenced thereto for the contents thereof.

92. Denies the allegations contained in paragraph "92" of the Complaint.

93. Denies the allegations contained in paragraph "93" of the Complaint.

94. Denies the allegations contained in paragraph "94" of the Complaint.

95. Denies the allegations contained in paragraph "95" of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S
TWO COMMON LAW CAUSES OF ACTION**

96. Denies the allegations contained in paragraph "96" of the Complaint.

97. Denies the allegations contained in paragraph "97" of the Complaint, except admits that defendant 319 Realty Services, L.P. is the not-for-profit lessee and manager of St. Louis Hall.

98. Denies the allegations contained in paragraph "98" of the Complaint.

99. Denies the allegations contained in paragraph "99" of the Complaint.

100. Denies the allegations contained in paragraph "100" of the Complaint, except admits that defendant 319 Realty Services, L.P. is the not-for-profit lessee and manager of St. Louis Hall, that defendant St. Louis L.P. is a not-for-profit entity who has signed an agreement to purchase the building located at 314 W. 94th Street, New York, NY in order to create affordable housing units, and that defendant The Lantern Group, Inc. is a not-for-profit entity that would be the sponsor of such conversion project.

101. Denies the allegations contained in paragraph "101" of the Complaint.

102. Denies the allegations contained in paragraph "102" of the Complaint.

103. Denies the allegations contained in paragraph "103" of the Complaint.

104. Denies the allegations contained in paragraph "104" of the Complaint.

105. Denies the allegations contained in paragraph "105" of the Complaint.

106. Denies the allegations contained in paragraph "106" of the Complaint.

107. Denies the allegations contained in paragraph "107" of the Complaint.

108. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "108" of the Complaint.

109. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "109" of the Complaint.

110. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "110" of the Complaint.

111. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "111" of the Complaint.

112. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "112" of the Complaint.

113. Denies the allegations contained in paragraph "113" of the Complaint.

114. Denies the allegations contained in paragraph "114" of the Complaint.

115. Denies the allegations contained in paragraph "115" of the Complaint.

116. Denies the allegations contained in paragraph "116" of the Complaint.

117. Denies the allegations contained in paragraph "117" of the Complaint.

118. Denies the allegations contained in paragraph "118" of the Complaint.

119. Denies the allegations contained in paragraph "119" of the Complaint.

120. Admits the allegations contained in paragraph "120" of the Complaint.

121. Denies the allegations contained in paragraph "121" of the Complaint.

122. Denies the allegations contained in paragraph "122" of the Complaint.

123. Denies the allegations contained in paragraph "123" of the Complaint.

124. Denies the allegations contained in paragraph "124" of the Complaint.

125. Denies the allegations contained in paragraph "125" of the Complaint.

126. Denies the allegations contained in paragraph "126" of the Complaint.

127. Denies the allegations contained in paragraph "127" of the Complaint.

128. Denies the allegations contained in paragraph "128" of the Complaint.

129. Denies the allegations contained in paragraph "129" of the Complaint.

130. Denies the allegations contained in paragraph "130" of the Complaint.

131. Denies the allegations contained in paragraph "131" of the Complaint.

132. Denies the allegations contained in paragraph "132" of the Complaint.

133. Denies the allegations contained in paragraph "133" of the Complaint.

134. Denies the allegations contained in paragraph "134" of the Complaint.

135. Denies the allegations contained in paragraph "135" of the Complaint.

136. Denies the allegations contained in paragraph "136" of the Complaint.

137. Denies the allegations contained in paragraph "137" of the Complaint.

138. Denies the allegations contained in paragraph "138" of the Complaint.

139. Denies the allegations contained in paragraph "139" of the Complaint.

140. Denies the allegations contained in paragraph "140" of the Complaint.

141. Denies the allegations contained in paragraph "141" of the Complaint.

142. Denies the allegations contained in paragraph "142" of the Complaint.

143. Denies the allegations contained in paragraph "143" of the Complaint.

144. Denies the allegations contained in paragraph "144" of the Complaint.

145. Denies the allegations contained in paragraph "145" of the Complaint.

146. Denies the allegations contained in paragraph "146" of the Complaint.

147. Denies the allegations contained in paragraph "147" of the Complaint.

148. Denies the allegations contained in paragraph "148" of the Complaint, and respectfully refers the Court to the documents referred to therein for the contents thereof.

149. Denies the allegations contained in paragraph "149" of the Complaint.

150. Denies the allegations contained in paragraph "150" of the Complaint.

151. Denies the allegations contained in paragraph "151" of the Complaint.

152. Denies the allegations contained in paragraph "152" of the Complaint, and respectfully refers the Court to the documents referred to therein for the contents thereof.

153. Denies the allegations contained in paragraph "153" of the Complaint.

154. Denies the allegations contained in paragraph "154" of the Complaint.

155. Denies the allegations contained in paragraph "155" of the Complaint.

156. Denies the allegations contained in paragraph "156" of the Complaint.

157. Denies the allegations contained in paragraph "157" of the Complaint.

158. Denies the allegations contained in paragraph "158" of the Complaint.

159. Denies the allegations contained in paragraph "159" of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION

160. As and for a response to paragraph "160" of the Complaint, this answering defendant repeats and realleges each and every allegation contained in paragraphs "1" through "159" of this Answer with the same force and effect as if fully set forth at length herein.

161. Denies the allegations contained in paragraph "161" of the Complaint.

162. Denies the allegations contained in paragraph "162" of the Complaint.

163. Denies the allegations contained in paragraph "163" of the Complaint.

164. Denies the allegations contained in paragraph "164" of the Complaint.

165. Denies the allegations contained in paragraph "165" of the Complaint.

### AS AND FOR A RESPONSE TO
### PLAINTIFF'S SECOND CAUSE OF ACTION

166. As and for a response to paragraph "166" of the Complaint, this answering defendant repeats and realleges each and every allegation contained in paragraphs "1" through "165" of this Answer with the same force and effect as if fully set forth at length herein.

167. Denies the allegations contained in paragraph "167" of the Complaint.

168. Denies the allegations contained in paragraph "168" of the Complaint.

169. Denies the allegations contained in paragraph "169" of the Complaint.

170. Denies the allegations contained in paragraph "170" of the Complaint.

171. Denies the allegations contained in paragraph "171" of the Complaint.

### AS AND FOR A RESPONSE TO
### PLAINTIFF'S THIRD CAUSE OF ACTION

172. As and for a response to paragraph "172" of the Complaint, this answering defendant repeats and realleges each and every allegation contained in paragraphs "1" through "171" of this Answer with the same force and effect as if fully set forth at length herein.

173. Denies the allegations contained in paragraph "173" of the Complaint.

174. Denies the allegations contained in paragraph "174" of the Complaint.

### AS AND FOR A RESPONSE TO
### PLAINTIFF'S FOURTH CAUSE OF ACTION

175. As and for a response to paragraph "175" of the Complaint, this answering defendant repeats and realleges each and every allegation contained in paragraphs "1" through "174" of this Answer with the same force and effect as if fully set forth at length herein.

176. Denies the allegations contained in paragraph "176" of the Complaint.

177. Denies the allegations contained in paragraph "177" of the Complaint, and respectfully refers all questions of law to the Court for adjudication.

178. Denies the allegations contained in paragraph "178" of the Complaint.

## AS AND FOR A RESPONSE TO
## PLAINTIFF'S FIFTH CAUSE OF ACTION

179. As and for a response to paragraph "179" of the Complaint, this answering defendant repeats and realleges each and every allegation contained in paragraphs "1" through "178" of this Answer with the same force and effect as if fully set forth at length herein.

180. Denies the allegations contained in paragraph "180" of the Complaint.

181. Denies the allegations contained in paragraph "181" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## THIS ANSWERING DEFENDANT ALLEGES:

182. Plaintiff has failed to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
## THIS ANSWERING DEFENDANT ALLEGES:

183. The actions taken by this answering defendant was justified and proper.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
## THIS ANSWERING DEFENDANT ALLEGES:

184. At all times relevant to the Complaint, this answering defendant acted in good faith and in accordance with the laws of the State of New York and the United States Constitution.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
## THIS ANSWERING DEFENDANT ALLEGES:

185. One or more of plaintiff's claims are barred by the applicable Statute of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

186. That no basis exists for this court to exercise jurisdiction over the plaintiff's state law and New York City Administrative Code claims.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

187. Any injuries and/or damages sustained by plaintiff were the result of plaintiff's own culpable conduct.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

188. Plaintiff cannot identify anyone similarly situated who was treated differently by these answering defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

189. Plaintiff's damages, if any, are limited by the terms and conditions of the subject agreement between the parties.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

190. The plaintiff has failed to take reasonable measures to reduce, mitigate and/or minimize her alleged damages, and therefore plaintiff's damages should either be reduced or barred completely to the extent plaintiff failed to mitigate damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

191. Any damages allegedly sustained were not caused by any negligent acts or omissions by this answering defendant or any individual acting under its direction or control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
## THIS ANSWERING DEFENDANT ALLEGES:

192. The injuries, losses, damages and occurrences alleged in the Complaint were the result of an independent and intervening cause, or causes, over which this answering defendant had no control, nor right to control, and in no way participated.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
## THIS ANSWERING DEFENDANT ALLEGES:

193. This answering defendant possessed legitimate nondiscriminatory reasons for the challenged actions.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
## THIS ANSWERING DEFENDANT ALLEGES:

193. Plaintiff has failed to name one or more necessary parties to this action.

**WHEREFORE**, this answering defendant demands judgment: 1) dismissing the Complaint in its entirety, with prejudice; 2) awarding defendant the costs of this action, including reasonable attorneys' fees; and 3) ordering such other and further relief as this Court may deem just, equitable, and proper.

Dated: Mineola, New York
       December 31, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendant
THE LANTERN GROUP, INC.

By: _____
ADAM I. KLEINBERG (AIK-0468)
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No. 07-636

TO:   ROLANDE CUTNER, ESQ.
      60 Broad Street, 35th Floor
      New York, New York 10004
      (212) 847-2389